ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ALISHEANN SANTIAGO-COLL; INA COLL VÁZQUEZ; FRANCHESKA ANAIS GONZÁLEZ COLL,<br><br>Peticionaria,<br><br>v.<br><br>ELDERLY TRANSPORTATION SERVICES MANAGEMENT, INC.; ELDERLY TRANSPORTATION SERVICES, LLC; TRANSCITA, y otros,<br><br>Recurrida. | TA2025CE00262 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce.<br><br>Civil núm.: PO2018CV01195.<br><br>Sobre: daños y perjuicios. |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de agosto de 2025.

El 8 de agosto de 2025, la parte peticionaria del título[1] presentó este recurso discrecional de *certiorari*[2], con el fin de que este Tribunal revoque la *Orden Enmendada* dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 9 de julio de 2025, y notificada en esa misma fecha[3].

Mediante la orden de la referencia, el foro primario dispuso que, ante la renuncia de la representación legal de la parte demandante peticionaria, esta contratara nueva representación.

Adicionalmente, el tribunal extendió el término para culminar el descubrimiento de prueba hasta el 17 de noviembre de 2025, y ordenó que el perito contratado por la parte recurrida, Dr. William Acevedo, evaluara

---

[1] La parte peticionaria compareció por conducto de una de sus componentes; a decir: la Lcda. Alisheann Santiago-Coll, abogada licenciada.

[2] Juntamente con su petición de *certiorari*, la parte peticionaria presentó una solicitud de paralización de los procedimientos, que fue atendida por un panel especial hermano. El mismo 8 de agosto de 2025, dicho panel especial declaró **sin lugar** la solicitud de paralización.

[3] *Véase*, apéndice del recurso, entrada núm. 200.

médicamente a la señora Santiago-Coll; ello, so pena de la imposición de severas sanciones.

Así también, el tribunal primario calendarizó la conferencia con antelación al juicio para el 23 de enero de 2026; y mantuvo las fechas previamente establecidas para la celebración del juicio en su fondo: 17, 19, 20, 23, 24 y 25 de febrero de 2026[4].

En su petición, la parte peticionaria objeta la extensión del descubrimiento de prueba; la orden dirigida a la señora Santiago-Coll, pues, aduce, ella siempre ha cumplido con las órdenes del tribunal y está capacitada para auto-representarse; y, la autorización del tribunal para que la parte recurrida contrate, en esta etapa de los procedimientos, un perito médico.

Evaluada la petición de *certiorari*, sus anejos y el tracto procesal del caso ante el foro primario, este Tribunal, prescindiendo de la comparecencia de la parte recurrida[5], deniega la expedición del auto.

I

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

---

[4] Conforme surge de la minuta de la vista de estatus celebrada el 6 de junio de 2025 (apéndice del recurso, entrada núm. 177), el juez que en ese momento atendía el caso escuchó los argumentos de las partes litigantes y calendarizó el descubrimiento de prueba adicional que se llevaría a cabo. Surge claramente de ella que la parte peticionaria tuvo un cambio de representación legal y que el descubrimiento previamente pautado entre todos los abogados se vio afectado por ello.

[5] *Véase*, Regla 7(B)(5) del Reglamento de este Tribunal, que nos permite prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR \_\_\_\_ (2025).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

II

Evaluada la petición de *certiorari*, así como el tracto procesal del caso ante el foro primario, a la luz del derecho aplicable, este Tribunal concluye que la parte peticionaria no logró establecer que el foro primario hubiera incurrido en error alguno que justifique nuestra intervención en esta etapa de los procedimientos. Afirmamos que, en cuanto a este último asunto, tampoco concurren los criterios establecidos en la Regla 40 de este

Tribunal, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025), para expedir el auto de *certiorari*.

III

A la luz de todo lo antes expuesto, este Tribunal **deniega** la expedición del recurso de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones